# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOLIE JOHNSON, *et al.*, | ) ) ) | |
| Relators, | ) ) | |
| v. | ) ) | CV416-290 |
| BETHANY HOSPICE AND PALLIATIVE CARE OF COASTAL GEORGIA, LLC, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

# **ORDER**

Defendant in this False Claims Act case move to dismiss the Second Amended Complaint (doc. 52) and seek an expedited ruling to stay discovery in the meantime (docs. 54). To permit full briefing of the various motions, the Court temporarily stayed discovery for a total of 45 days. Docs. 58 & 72. The pending matters being fully briefed, the Court **STAYS** all discovery in this case pending resolution of the motion to dismiss the Second Amended Complaint. This matter having been stayed, relators' motion for reconsideration of the Scheduling Order (doc. 73) is **DENIED as moot**.[1]

---

[1] Relators' motion for a protective order having been mooted by the parties' joint

To recapitulate: this is a False Claims Act and Georgia False Medicaid Claims Act action brought by former Bethany Hospice employees alleging that "[t]here is a large hospice problem in Southern Georgia," because "hospice companies have discovered that they can manipulate the system through kickbacks and admitting patients who do not qualify." Doc. 1 at ¶ 1. Both the United States and Georgia have declined to intervene. Docs. 10 & 14. Relators have twice amended their Complaint to correct various deficiencies and substitute appropriate parties, and defendants seek to dismiss because they contend the Second Amended Complaint remains deficient. Doc. 52. More to the point, they argue that it fatally fails to comply with Fed. R. Civ. P. 8 & 9(b)'s pleading standards, is impermissibly "shotgun" in nature, and fails to sufficiently allege facts against each defendant (notably referring to all defendants as "Bethany" throughout the 23-page pleading) to support either retaliation or false claims submitted to the Government. *Id.* For the purposes of this motion, at least, they're right.

Relators respond that, while "there is a pending Motion to Dismiss

---

protective order (*compare* doc. 55 & doc. 61, *see* doc. 63), that motion too is **DENIED as moot**.

2

that Defendant thinks is very good," that alone cannot suffice to warrant a stay because "What if they are wrong? What if the Motion to Dismiss would only dismiss half the case? And what if it is a really weak motion on the other half?" Doc. 67 at 1. But such hypotheticals cut both ways. When a party seeks a stay pending resolution of a dismissal motion, the court takes a "preliminary peek" at the dismissal motion to assess the likelihood that it will be granted. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). A stay makes sense when the dismissal motion likely will dispose of the case, thus obviating discovery, *see Sams v. GA West Gate, LLC*, 2016 WL 3339764 at * 6 (S.D. Ga. June 10, 2016), or would dispose of at least some part of the case, thus narrowing it, *see United States ex rel. Jolie Johnson v. Spanish Oaks Hospice, Inc.*, No. CV415-143, doc. 47 (S.D. Ga. July 19, 2017). Based on that "preliminary peek," the dismissal motions seem sufficiently strong to warrant staying discovery.

The general "fraud" allegations of the Complaint don't appear specific enough to survive the motions to dismiss. *See United States v. Southerncare, Inc.*, 2015 WL 5278413 at *2 (S.D. Ga. Sept. 9, 2015) (citing Rule 9(b), False Claims Act complaints must "state with particularity the circumstances constituting fraud or mistake."). They're not specifically

3

drawn to individual defendants, or individual causes of action. The Second Amended Complaint summarized the applicable law at length and establishes relators' knowledge of the Medicare/Medicaid status of "all or nearly all Bethany patients" (*see, e.g.,* doc. 45 (Second Amended Complaint) at ¶¶ 66- 71), but levies general False Claims Act allegations at all "defendants" collectively. *See, e.g., id*. at ¶ 72 ("each of the defendants is a party to a kickback and that is obviously wrong"), ¶ 74 ("Defendants . . . knowingly presented, or caused to be presented to the [Government] numerous false or fraudulent claims for payment or approval"), ¶ 80 ("Defendants . . . knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim"), & ¶¶ 75, 81 ("Due to Defendants' conduct, the [Government] ha[s] suffered substantial damages"). Only the retaliation claim is specifically pled against defendant Bethany Coastal. *Id*., ¶ 86.

"Defendants" allegedly committed "fraud," but it is not clear from even repeated readings of the Complaint which defendants did what and when — only that *many* of defendants' practices were suspect. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (the complaint must plead not only the "who, what, where, when, and how of

4

improper practices," but also the "who, what, where, when, and how of fraudulent submissions to the government."); *United States v. Choudry*, 2016 WL 7228760 at *3 (M.D. Fla. Oct. 11, 2016) (complaints that refer to defendants collectively "fail[ ] to distinguish between the defendants and therefore fail[ ] to meet the particularity requirements of pleading a False Acts Claim."). General allegations about "defendants" appear insufficient to survive a Fed. R. Civ. P. 12(b)(6) motion, *see United States ex rel. Creighton v. Beauty Basics Inc.*, 2016 WL 2642740 at *2 (N.D. Ala. May 10, 2016) (Relators "make[ ] no effort to explain how [their] 'facts applicable to all counts' satisfy the elements of [their] alternative theories; instead, [they] offer[ ] a series of legal conclusions — which do nothing to fortify a complaint against dismissal."), and discovery should not go forward to give them a free ticket to fish around for something substantial, *see United States ex rel. Atkins v. McInteer*, 345 F. Supp. 2d 1302, 1305 (N.D. Ala. 2004) (where complaint failed to meet the requirements of Rule 9(b), relators should not be given "a ticket to the discovery process without identifying a single claim."), *United States ex rel. Brodsky v. Capital Grp. Health Servs. of Fla., Inc.*, 2005 WL 1364619 at *7 (N.D. Fla. June 7, 2005) (the Rule 9(b) standard "serves an important purpose: it prevents relators

5

from filing suit based on a mere hunch and using discovery in the hope of finding support for the claim.").

The dismissal motion also focuses on the alleged "kickback scheme" that relators claim Ava Best spearheaded. If that goes away, so too does the heft of alleged fraud in the Complaint. Put differently, if granted, the motion to dismiss will obviate a significant portion of the pending discovery. The Court concedes that it may not terminate the entire case (indeed, at the very least relators' retaliation claim will survive) and it may indeed be granted with leave to amend to remedy the identified deficiencies. Doc. 67 at 8. But that does not warrant forcing defendants and nonparties to expend significant resources responding to pending discovery[2] — that may be obviated (or significantly narrowed by the

---

[2] Relators served two sets of discovery requests on defendants and appear geared to serve discovery on at least 27 non-parties, having sent "litigation hold/preservation letters" asking for those parties to preserve ten years of electronic data. All of that *may* be mooted by the pending motion to dismiss.

Defendants ask that they be spared the "unnecessary cost" of responding until the scope of the claims against them are clarified and narrowed. Doc. 54 at 3, 7-8. They also convincingly note that, regardless, a stay will not prejudice the relators because it is not necessary to their response to the motion to dismiss. *Id.* at 8; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (since "the allegations in the [complaint] are presumed to be true," the resolution of a motion to dismiss for failure to state a claim "always presents a purely legal question" that does not involve issues of fact, and therefore, "neither the parties nor the court have any need for discovery before the court rules on [it].").

Court's decision on the motion to dismiss) — in the meantime. The Court **GRANTS** the stay motion. Doc. 54. All discovery deadlines are, therefore, **STAYED**. Within 14 days of the District Judge's ruling on the pending motion to dismiss, the parties shall confer and file a joint status report including a proposed schedule for all further deadlines in this case.

**SO ORDERED,** this 22nd day of March, 2019.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

The Court credits relators' concerns that this case is aging rapidly and has been stayed for long swaths of time. Doc. 67 at 3. Memories are short, and documents get lost. But the litigation hold notices have put non-parties on notice that their documents should not get shredded, and defendants certainly would be put in a sanctionable position if — given three years' notice that litigation is afoot — their documents and witnesses now go missing. The very real burden of going forward with expansive discovery outweighs what worries there may be if discovery is stayed pending resolution of the motion to dismiss.