# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOLIE JOHNSON, *et al.*, | ) ) ) | |
| Relators, | ) ) | |
| v. | ) ) | CV416-290 |
| BETHANY HOSPICE AND PALLIATIVE CARE OF COASTAL GEORGIA, LLC, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

# **ORDER**

Relators ask the Court to reconsider its Order (doc. 79) staying the case pending resolution of defendants' motion to dismiss the Second Amended Complaint. Doc. 83. They argue, for the first time, that if the case must be stayed *only* discovery relating to the alleged kickback scheme must be stayed. After all, that is the subject of the motion to dismiss. That means that discovery on their retaliation claim can go forward. They're not wrong, and that would have been a very good argument to raise *in their initial briefing*, which they received extra pages and multiple extensions of time to mount. *See* docs. 60, 65, 72. But they did not argue that discovery should be bifurcated. *See* doc. 67 at 1

(noting that the case involves two claims, "kickbacks and retaliation," and that there is no motion to dismiss pending on the retaliation claim, but failing to affirmatively argue that discovery could go forward on the retaliation claim without implicating the pending motion to dismiss). This *new* argument, in other words, was neither evaluated, nor rejected, in the Court's Order staying discovery. Indeed, the Court specifically stayed discovery because "half" the case (the kickback scheme) might be carved away if the motion to dismiss were granted. Doc. 79 at 3 & 6 ("The Court concedes that [the motion to dismiss] may not terminate the entire case (indeed, at the very lease relators' retaliation claim will survive)[.]").

A Fed. R. Civ. P. 59(e) motion for reconsideration may be granted based only on newly-discovered evidence or to correct manifest errors of law or fact. *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). Rule 59(e) motions may not be used to "relitigate old matters, raise argument or present evidence that should have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Relators' "motion relie[s] on no newly-discovered evidence and demonstrate[s] no manifest error of law or fact" in the court's order. *The*

*Bedtow Grp. II, LLC v. Ungerleider*, No. 16-10213, 2017 WL 1279036 at *3 (11th Cir. Apr. 6, 2017). Nothing in relators' motion for *reconsideration* demonstrates this Court's holding was incorrectly reached.[1] The Court, nevertheless, recognizes the merits of relators' new argument that discovery could be bifurcated: the retaliation claims are not subject to any pending motion to dismiss and are, indeed, leveled against only one defendant. Doc. 45 at ¶¶ 85-88 (naming defendant Bethany Coastal). And, perhaps, "discovery on the retaliation claims" is indeed "inevitable." Doc. 83 at 2. It will therefore construe relators' motion as one to *modify* the Court's Order, rather than reconsider it.

Defendants' argument that discovery on the retaliation claims will necessarily overlap with discovery on the kickback scheme is compelling. Doc. 88 at 8 (arguing that permitting bifurcated discovery "would prolong, if not double, the discovery period in this case."). They do not, however, and as relators note, name any particular witness that might so duplicate

---

[1] Relators' grumpiness that the Court failed to raise the matter *sua sponte* and bifurcate discovery, *see* doc. 83 at 2 n. 2, is noted. However, the Court also notes that it is the parties' job to brief the positions, and outcomes, that they both desire and believe are warranted, and to set forth their arguments and support for their arguments at some point in their *extended* briefing schedule. The Court is not in the business of litigating on parties' behalves.

discovery efforts. Doc. 92 at 3. Indeed, relators point out, *only* Bethany Coastal employees would be witnesses to alleged retaliation, while Bethany Hospice employees would be witnesses to the alleged kickback scheme. *Id*. (representing that even were defendants' motion to dismiss granted, neither the witness list nor the nonparty discovery on the retaliation claim would change). Perhaps, given that characterization of relators' proposed discovery arc, a compromise can be reached.

The Court, as already said in its Order, sympathizes with the length of time that has passed in this aging case. *See* doc. 79 at 7 n. 2. One relator has passed away, and her Estate is anxious for resolution. Memories fade, and documents can get misplaced. The Court also reiterates its confidence that the already-sent litigation hold notices will do their job of preserving existing documents. Certainly, the unending papering of this Court is refreshing witness recollections every day. The Court is, however, prepared to permit the parties to *agree* to narrow discovery on the retaliation claim.

The parties are **ORDERED** to meet and confer within 14 days of service of this Order to discuss a proposed, *limited* Scheduling Order to proceed with fact discovery on relators' retaliation claim. No discovery on

the kickback scheme will be permitted at this juncture, nor will any discovery that the parties reasonably believe would be duplicative of discovery on the alleged kickback scheme. The parties are further **ORDERED** to file their joint, *limited* Scheduling Order within 21 days of service of this Order. In sum, relators' motion to modify the Court's Order staying the case (doc. 83) is **GRANTED**.

**SO ORDERED,** this __2nd__ day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA